UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

RICK CAMPBELL,               )
                             )
       Plaintiff,           )
                             )
      v.                    )   3:09-cv-68-RLY-WGH
                             )
KENNY KENT CHEVROLET         )
COMPANY, INC.,               )
EVANSVILLE AUTOMOTIVE        )
LCC, and VT, INC.,           )
                             )
       Defendant.           )

**ORDER ON CORRECTED MOTION TO
QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Corrected Motion to Quash Subpoena and for Protective Order filed by non-party, Indiana Department of Workforce Development ("DWD"), on July 7, 2010. (Docket No. 49). Defendants filed their Response in Opposition on July 8, 2010. (Docket No. 50). No reply brief has been filed.

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the corrected motion, as follows:

Plaintiff, Rick Campbell, has filed an employment discrimination claim against his former employer, Kenny Kent Chevrolet Company, Inc. ("Kenny Kent"). Defendant Kenny Kent has issued a Subpoena to non-party DWD requesting production of:

> Any and all records regarding Rick Campbell a/k/a Raymond Campbell (Social Security No. XXX-XX-6477 / Date of Birth: XX/XX/1957), including but not limited to, records, complaints, reports, correspondence, recordings, tapes, files, notes, memoranda or documents relating to charges or complaints made by Rick Campbell and investigatory records regarding the same in your possession with respect only to the employer, Kenny Kent Chevrolet Company, Inc.

(Motion at Exhibit A).

The DWD is governed by certain statutes, including Ind. Code § 22-4-19-6(b), which provides, in pertinent part, that:

> . . . information obtained or obtained from any person in the administration of this article and the records of the department relating to the unemployment tax or the payment of benefits is confidential and may not be published or be open to public inspection in any manner revealing the individual's or the employing unit's identity, except in obedience to an order of a court or as provided in this section.

Defendant Kenny Kent now wishes to obtain information about unemployment applications or benefits that plaintiff has received since his employment with Kenny Kent ended. The Magistrate Judge concludes that the amount of the benefits received may be relevant towards the calculation of damages in this case. In addition, statements made by plaintiff to the DWD concerning how or why his employment with Kenny Kent ended may produce evidence about those circumstances and may even serve as admissions against interest with respect to liability issues.

The Indiana statute does appear to grant a presumptive privilege against disclosure of information "obtained from any person in the administration of this

article and the records of the department. . . ." This Magistrate Judge concludes that the Indiana legislature has intended to grant privilege from disclosure for the investigations conducted by the DWD and information received from other parties, as well as from plaintiff himself.

The Indiana statute does provide for the possibility that some information received during the DWD process can be disclosed "in obedience to an order of a court." Under what circumstances should a court conclude that evidence obtained by the DWD be disclosed? This section if relatively new, and no case law is found which explicitly addresses this issue.

A balancing of these interests requires the following orders:

1. DWD shall produce, pursuant to the Subpoena, all records which show the amounts and dates of benefits received by plaintiff.

2. DWD shall provide any applications, letters, complaints, reports, correspondence, or recordings which are provided by plaintiff to the DWD; DWD need not provide those items received from any other persons nor the investigatory records created by DWD employees.

3. In the event a transcript or recording of any hearing at which plaintiff attended has been made, DWD shall provide a copy of that transcript or recording in the form it is kept in its usual course of business.

4. Defendant Kenny Kent shall maintain the information received as a part of this order in a confidential manner and shall not use it outside the scope of this litigation. Any personal identifiers with respect to plaintiff, including his

social security number or date or birth, shall be redacted when the items are produced. The items shall be destroyed or returned at the conclusion of this litigation, at the option of DWD.

**SO ORDERED.**

**Dated:** August 12, 2010

                                      William G. Hussmann, Jr.
                                      United States Magistrate Judge
                                      Southern District of Indiana

**Electronic copies to:**

Sylvia Abra Bier
LITTLER MENDELSON, P.C.
sbier@littler.com

Kyle Frederick Biesecker
BIESECKER & DUTKANYCH LLC
kfb@bdlegal.com

Matthew T. Black
OFFICE OF THE INDIANA ATTORNEY GENERAL
matthew.black@atg.in.gov

Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER LLC
ad@bdlegal.com

Alan L. McLaughlin
LITTLER MENDELSON PC
amclaughlin@littler.com

Lane C. Siesky
SIESKY LAW FIRM, PC
lane@sieskylaw.com